CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Kimberly Wood, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00135 |
| | ) | |
| Cohn, Goldberg & Deutsch LLC *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on *pro se* Plaintiff Kimberly Wood's motion for leave to proceed *in forma pauperis*, (Dkt. 2), and motion for a preliminary injunction, (Dkt. 3). Based on Wood's representations in her application, (Dkt. 2), the court will grant her motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

The court must dismiss a complaint filed *in forma pauperis* "at any time if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The standards for reviewing a complaint under § 1915(e)(2)(B)(ii) are the same as those used when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), such that the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003); *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies the plausibility standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

The court must liberally construe pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, liberal construction "does not transform the court into an advocate" for *pro se* parties. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

In its current form, Wood's complaint does not allege sufficient facts to state a plausible claim for relief. She includes a long list of federal statutes as the provisions "at issue" in this case. (*See* Compl. at 3 (Dkt. 1) ("18 USC 1621; 18 USC 8; 15 USC 1605; 26 USC 7206 fraud and false statements; 12 USC 2605 (RESPA); 12 USC 2614 (RESPA); 15 USC (TILA); Declaratory Judgement Act 28 USC 2201-2202; 21 USC 1391 property Strasburg, Va; 18 USC 241 & 242, 12 USC 171 5z-20; 24 CFR Part 206; 18 USC 1343; 18 USC 1014").) Most of these are criminal or regulatory provisions that cannot support a private right of action. *See, e.g., Robertson v. Foster*, No. ELH-16-3610, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) ("It is well established that there is no private cause of action to pursue claims under federal criminal statutes."); *In re Miller*, 124 F. App'x 152, 153–54 (4th Cir. 2005) (affirming the district court's decision that no private right of action, implied or express, exists under 12 U.S.C.

§ 1715u(a)). Thus, most of these statutes cannot form the basis for a claim upon which relief can be granted, regardless of the facts alleged.

To the extent that Wood briefly cites the federal mortgage laws entitled the Truth in Lending Act ("TILA"), 5 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, these statutes allow for private rights of action and suits for damages under certain circumstances. *See* 15 U.S.C. § 1640(a); 12 U.S.C. § 2605(f). However, Wood does not provide sufficient information to make out a claim under either of these statutes. The facts as set forth in the complaint are difficult to ascertain, but it appears that the Home Equity Conversion Mortgage ("HECM") loan, or reverse mortgage, was originally obtained by Wood's mother in 2010. (Compl. at 5, 7, 9; Dkt. 1-6 at 2.) Wood's allegations center on how this loan is "void and fraudulent" because her father, a co-owner at the time the loan was obtained, "never gave consent" and "never signed papers." (Compl. at 5; *see id.* at 7, 9.)

Wood broadly claims that the Defendants' participation in foreclosing on the house violates federal law. (*See* Compl. at 5 (alleging that the "[l]aw firm is attempting to sell Plaintiffs [sic] property unlawfully"); *id.* at 7 (claiming that "Compul [sic] Link is attempting to foreclose on Plaintiffs [sic] property under fraud and theft").) However, she provides no factual detail about the Defendants' involvement, nor does she specify which requirements of TILA or RESPA they allegedly violated and how. "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

Accordingly, the court will *sua sponte* dismiss Wood's complaint under 28 U.S.C. § 1915(e) because it does not state a claim upon which relief may be granted. The court will grant Wood leave to file an amended complaint providing sufficient facts about Defendants' alleged federal mortgage law violations and how Wood was harmed by such violations.

The court will also deny without prejudice Wood's motion for a preliminary injunction. *See Robertson v. United States*, No. CIV. WDQ-13-1383, 2014 WL 465714, at *4 n.7 (D. Md. Feb. 4, 2014) ("Because [Plaintiff's] complaint will be dismissed, his motion for a preliminary injunction will be denied as moot."); *Evans v. Richardson*, No. CV 3:16-3202-JFA, 2017 WL 359498, at *6 (D.S.C. Jan. 25, 2017), *appeal dismissed and remanded on other grounds*, 689 F. App'x 750 (4th Cir. 2017) ("[B]ecause Plaintiff has failed to state a claim upon which relief can be granted, it is not proper for this Court to order a temporary restraining order or preliminary injunction in this case."). The court also notes that, under the authority Wood cites in her motion, a state circuit court may be a more appropriate venue to seek an injunction preventing the nonjudicial foreclosure sale. Specifically, Wood cites Va. Code Ann. § 8.01-620—a Virginia statute entitled "General jurisdiction of *circuit court* to award injunctions." Va. Code Ann. § 8.01-620 (emphasis added). This statute provides jurisdiction to the state circuit court to issue an injunction, but not the federal district court. If Wood seeks injunctive relief pursuant to this Virginia statute regarding a house located in Shenandoah County, (Dkt. 3 at 1), Shenandoah County Circuit Court may be the more appropriate venue.

For the foregoing reasons, Wood's application to proceed *in forma pauperis*, (Dkt. 2), is **GRANTED**, but the complaint is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). The motion for preliminary injunction, (Dkt. 3), is **DENIED** as moot.

Wood is granted leave to file an amended complaint no later than 21 days after the date of this Memorandum Opinion and Order.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Wood.

**ENTERED** this __8th__ day of December, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE